### In the Matter of Robert D. SERAFINI, Debtor.

### Robert D. SERAFINI, Debtor,

### v.

### UNION BANK & TRUST COMPANY and Robert W. Walker, Jr., Esq., Trustee.

Civ. A. No. 83–179 Erie.
Bankruptcy No. 81–00774.
Adv. No. 83–0099.

United States District Court,
W.D. Pennsylvania.

March 6, 1984.

---

Clinton Shamp and Warren W. Bentz, Erie, Pa., for debtor.

James J. Stuczynski, Erie, Pa., for Union Bank & Trust Co.

## MEMORANDUM AND JUDGMENT ORDER

WILLSON, Senior District Judge.

This civil action is an appeal from a decision of Bankruptcy Judge William B. Washabaugh, 30 B.R. 606, refusing to reopen a closed bankruptcy case in order to bring a lien avoidance proceeding. The issues presented in this appeal are whether a closed bankruptcy case should be reopened to allow the debtor the benefit of § 522(f) of the Bankruptcy Code and whether, upon such reopening, the lien of the defendant,

Union Bank & Trust Company, should be avoided under § 522(f) of the Bankruptcy Act.

On two occasions, this Court has met with counsel for the debtor and Union Bank. Both parties have submitted written briefs. The case is now ripe for decision in this Court.

A short recitation of the facts in this case is appropriate. In 1978, the debtor, Robert D. Serafini, was indebted to Union Bank. Judgment was entered against him in the Court of Common Pleas of Erie County, Pennsylvania. Thereafter, in a proceeding in the Court of Common Pleas of Erie County, Union Bank sought to have Robert Serafini adjudicated to be a partner in the business known as Barnaby's Restaurant. On August 25, 1981, Union Bank successfully obtained an order of the Common Pleas Court finding that Robert D. Serafini was a partner in that business, and charging that partnership interest with the payment of unsatisfied amounts due to Union Bank. The order also appointed a receiver of the profits or other money coming to Robert Serafini.

On December 24, 1981, the debtor filed his voluntary petition in bankruptcy. His discharge was granted June 17, 1982. On July 29, 1982, debtor filed a petition to reopen the case to add additional creditors, which was accomplished, and the case was again closed on August 25, 1982. In early 1983, Union Bank asked for a meeting between the debtor and the Common Pleas Court receiver to proceed with the collection of assets in payment of the debt due Union Bank. On March 4, 1983, the debtor filed his petition to reopen the estate in order to bring a lien avoidance proceeding against Union Bank. That petition was filed simultaneously with the complaint to avoid Union Bank's lien. The bankruptcy court refused debtor's petition to reopen the estate and this appeal followed.

§ 522 of the Bankruptcy Code provides:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor

in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; ..."

That statute and the applicable procedural rules provide no limit upon the time within which a debtor must act. In his decision, Judge Washabaugh carefully articulated the applicable law and the reasons for declining to reopen this closed bankruptcy case for the second time. Reopening the case was a matter of discretion of the bankruptcy court. There was no abuse of discretion in that court's deciding not to reopen this case. The decision and order of the bankruptcy court is affirmed in all respects. An appropriate order will be entered.