**In the Matter of Rose Marie BUSCH, Debtor.**

**Rose Marie BUSCH, Plaintiff,**

v.

**UNION BANK & TRUST CO., Erie, and Warren Bentz, Esq., Trustee, Defendants.**

**Bankruptcy No. 82–00343.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 20, 1984.

Gabriel A. Bifulco, David J. Mack and Bifulco, Waidley & Scarpitti, Erie, Pa., for plaintiff.

James J. Stuczynski, Bruce W. Bernard and Ely & Bernard, Erie, Pa., for defendant, Union Bank & Trust Co.

Warren W. Bentz and Bentz & Chestek, Erie, Pa., pro se for trustee.

### ·MEMORANDUM AND ORDER ON APPLICATION TO REOPEN CLOSED CASE TO AVOID JUDICIAL LIEN

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The within case under Chapter 7 of the Bankruptcy Act was filed June 11, 1982 and closed January 18, 1983. The debtor is the owner of 2909 Bird Drive, Erie, Pennsylvania, 16510, subject to the liens of a mortgage of Lomas and Nettleton having a current balance of $32,500 and a judgment of the Union Bank and Trust Company in the scheduled amount of $6,043.43 having an actual present balance including the costs of instituting and obtaining judgment in foreclosure action in the Court of Common Pleas after the closing of the case of $14,947.80.

No action was taken to avoid the above judgment lien prior to the closing of the case by the debtors, or their then legal counsel, Howard L. Rubenfield and the Legal Clinic of George M. Schroeck, Inc. with which he was associated, and the matter is before us on the debtor's motion by other counsel, the Honorable Gabriel A. Bifulco and David J. Mack, Esqs., to reopen it and accomplish such avoidance under Section 522(f) of the Revised Bankruptcy Code to the extent such lien impairs her claimed exemptions totaling $7900 under Section 522(d)(1) and (5) in her above referred to residence property at 2909 Bird Drive.

■ We reviewed the decisions on our authority to reopen a closed bankruptcy case in our recent opinion in *Serafini v. Union Bank & Trust Company*, 30 B.R. 606 (Bcy.W.D.Pa.1983), affirmed on appeal by the Honorable Joseph P. Willson, Senior United States District Judge in *Serafini v. Union Bank*, 41 B.R. 880 (DC W.D.Pa.1984) in which both courts concluded under applicable authorities that the reopening of closed bankruptcy cases is a matter within the discretion of the Bankruptcy Court and that that discretion was not abused in declining to reopen the case when it had been reopened twice before for the purpose of adding creditors, when the petition to reopen was filed 14 months after the case was initiated, eight months after its first closing and six months after the second, and when the lien sought to be avoided was that of a charging order obtained at some expense in a somewhat unusual proceeding against the interest of the plaintiff in real estate of a partnership in which he was a member instead of perfunctorily under a confession of judgment clause therefor, citing *In re Perlman*, 116 F.2d 49, 51 (2d Cir.1940) and *In re Fair Creamery*, 193 F.2d 5 (6th Cir. 1951) to the effect that the matter of reopening a closed proceeding to permit a debtor to obtain relief to which he would have been entitled if seasonably applied for is within the discretion of the Court, *In re*

*Robert Lee Williams,* 17 B.R. 204 (Bcy.W. D.Ky.1982), *In re Ridill,* 1 B.R. 216, 218 (D.C.C.D.Cal.1979) where it was said one of the purposes of a bankruptcy proceeding is to

".... secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period",

and *In re Adkins,* 7 B.R. 325 (Bcy.S.D.Cal. 1980) and *In re Porter,* 11 B.R. 578 (Bkrtcy.W.D.Okla.1981) in which such post-closing applications for reopening to avoid liens were denied; also, *In re Hall,* 22 B.R. 701, 702 (Bcy.E.D.Pa.1982) in which the court stated that although it would not grant the relief in the case before it, it would do so when the equitable considerations should so require.

Although a reopening to avoid liens was granted in *Gene Haywood Russell,* 20 B.R. 537 (Bcy.W.D.Pa. at Pgh. 1983) on the ground that no time limit is set for filing the application for such relief in 11 U.S.C. § 522(f) there is no legislative edict abolishing the established rule of law that the reopening of a closed case is within the sound discretion of the court.

■ The equities of the instant situation more urgently predominate in the direction of a refusal to re-open the case than those in our affirmed opinion in *In re Serafini,* supra, in that here the case had been closed for 14 months as against 8 in Serafini when the reopening was applied for and the proceeding to enforce collection involved instead of a pre-bankruptcy action to acquire a charging order against the debtor's interest in partnership property, a foreclosure action on the judgment sought to be avoided instituted some time after the case was closed and a sheriff's sale scheduled before the filing of the debtor's application for reopening—i.e. the creditor expended its energy and incurred the expense of enforcement litigation after the closing of the case resulted in the termination of the automatic stay under 11 U.S.C. § 362 and the jurisdiction of the Bankruptcy Court and there was every indication the matter of the creditor's right to so proceed had been finally resolved.

■ Although the debtor's inability to obtain the remedy of lien avoidance to which she would have been entitled if her counsel in the original bankruptcy case had promptly applied for it may be lamentable from her point of view, the law of Pennsylvania is unequivocal that where one of two innocent persons must suffer loss from the wrongdoing of another that loss must be borne by the person who put the tortfeasor in the position of trust and confidence in which he was able to perpetrate the wrong: *Keller v. N.J. Fidelity and Plate Glass Insurance Co.,* 306 Pa. 124, 159 A. 40 (1932); *Mundorff v. Wickersham,* 63 Pa. 87 (1869); *Rykaczewski v. Kerry Homes, Inc.,* 192 Pa.Super. 461, 465, 161 A.2d 924, 926 (1960); and in *Rottman v. Fillette,* 503 Pa. 259, 469 A.2d 543 (1983) the sum of $7,000 obtained by plaintiff's counsel from the defendant in purported settlement of its liability without the authority of his injured client to whom he failed to account was charged against the amount the defrauded plaintiff ultimately recovered on account his loss (from opinion of Nix, now C.J. at 469 A.2d 543, 546):

"The fact that the agent has wronged his principal through the agent's unlawful act does not provide a predicate for insulating the harm caused by the agent at the expense of the innocent third party who had no responsibility for the conduct of the agent ... The fact that an insurance carrier may be in an apparently better financial position to absorb the loss does not justify consenting to a liability where none exists."

It is accordingly Ordered by reason of the foregoing that the debtor's application to reopen the within bankruptcy case to avoid a judicial lien under 11 U.S.C. § 522(f) is refused and denied.