In the Matter of David Alan MARIN, Individually and t/a/d/b/a Walter Alan's and Walter Alan's of Grove City, Debtor.

David Alan MARIN, Plaintiff,

v.

FIRST NATIONAL BANK OF SLIPPERY ROCK, McDowell National Bank of Mercer County, Career Club Shirt Co., Inc. BVD Co., Division of Union Underwear Co., Superb Cravats, Inc., Crocker Commercial Services, Inc., A Subsidiary of Crocker National Bank, Ely and Walker, A Division of First National Co., Commonwealth of Pa., Dept. of Revenue, Bureau of Sales and Use Tax and Henry S. Moore, Esq., Trustee, Defendants.

In the Matter of Sandra Lee MARIN, Debtor.

Sandra Lee MARIN, Plaintiff,

v.

McDOWELL NATIONAL BANK OF MERCER COUNTY and Henry S. Moore, Esq., Trustee, Defendants.

Bankruptcy Nos. 82–00139, 83–00138E.

United States District Court, W.D. Pennsylvania.

July 20, 1984.

Ruthanne Beighley, and Halliday, Beighley & Halliday, P.C., Greenville, Pa., for Sandra Lee Marin.

P. Raymond Bartholomew and Cusick, Madden, Joyce & McKay, Sharon, Pa., for McDowell Nat. Bank of Mercer County.

Henry S. Moore, Grove City, Pa., trustee.

MEMORANDUM AND ORDER DENYING MOTION TO REOPEN CASE TO AVOID JUDICIAL LIENS

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

This matter comes before the Bankruptcy Court on an application of Sandra Lee

Marin to reopen her closed bankruptcy case at No. 83–00138E in the within Court together with that of her divorced husband, David Alan Marin at No. 82–00139 for the purpose of avoiding the judicial liens of judgments entered jointly against the two debtors and their jointly owned property as tenants by the entireties prior to the institution of their separately filed bankruptcy proceedings.

The husband conveyed his interest in the premises owned jointly with his wife to the debtor—wife as part of their property settlement agreement in their divorce proceeding in which a final decree of divorce was granted by the Court of Common Pleas of Mercer County October 25, 1983.

The bankruptcy case of the husband, David Alan Marin, was filed at the above number March 15, 1982, closed October 6, 1982 and an Order of Discharge from liability on his debts was issued to said David A. Marin September 22, 1982. The case of the wife, Sandra Lee Marin, No. 83–00138E was filed after the closing of the husband's case, March 18, 1983, closed August 18, 1983, and an Order discharging her from liability on her debts was issued August 4, 1983. At no time prior to the decree of divorce, October 25, 1983, or subsequent thereto, were the two bankruptcy proceedings pending at one and the same time and it follows that the liens in question could not have been avoided in either bankruptcy case even before such case was closed under the decision of the Third Circuit Court of Appeals in *Naptonik v. Equibank*, 679 F.2d 316 (3rd Cir.1982) that exemptions cannot be claimed against entireties property of the spouses in the bankruptcy case of either spouse alone which followed the time honored decision of the Supreme Court of Pennsylvania in *Biehl v. Martin*, 236 Pa. 519, 84 A. 953 (1912) that the court of bankruptcy acquires no jurisdiction over such jointly owned entireties property by reason of such separately filed case.

Neither case could have been consolidated with the other proceeding in such manner as to confer jurisdiction over the jointly owned assets and valid pre-bankruptcy liens thereagainst during its pendency before the bankruptcy court, and if such consolidation could not have been made while the cases were pending we know of no procedure by way of judicial legal legerdemain, or otherwise pursuant to which we could make a retroactive order of consolidation that would give us jurisdiction to avoid the described liens securing jointly contracted debts when there is no time during the pendency of either case in which the other one was also before us and as to which a proceeding to avoid joint liens would have been effective.

The subject residence premises previously owned jointly by the debtors as tenants by the entireties were subject to a pre-bankruptcy mortgage lien of the McDowell National Bank having a present balance of $34,487.99 with interest from May 31, 1984 at the rate of 11½% per annum, and to the liens of two secondary pre-bankruptcy judgments entered against both of the former bankrupts which are also owned by McDowell and on which a balance of $19,-867.47 with interest is owing. It is agreed that the fair market value of the property is $42,000.00, and that the wife-debtor has negotiated a sale of the premises for that amount in cash which is ripe for closing, and obtained releases of the premises from pre-bankruptcy judgments junior to the above liens against the husband-debtor which may conceivably have attached to the undivided one-half interest he acquired in the premises on the handing down of the decree in divorce.

The McDowell bank instituted foreclosure proceedings on its mortgage and judgment liens after the closing of the bankruptcy cases which were at the sheriff sale stage of completion at the time of the filing of the petition to reopen and avoid judicial liens and the $42,000.00 sales price is sufficient to fully pay the McDowell mortgage, but not its secondary judgment liens of $19,867 subject to this proceeding for avoidance to the extent they impair exemptions of the wife and/or her husband which she may have acquired as grantee of his interest in the premises although his bank-

ruptcy case was closed prior to the conveyance and he claimed his state rather than federal exemption rights therein.

We held that the Bankruptcy Court has discretion to reopen or not reopen a closed bankruptcy case for the purpose of avoiding judicial liens in the *Matter of Serafini*, 30 B.R. 606, 607 (2d Cir.1940), citing *In re Perlman*, 116 F.2d 49, 51 (2nd Cir.1940) and *Bartle v. Markson*, 357 F.2d 517 (2nd Cir.1981) and such discretion would not be exercised when there was unreasonable delay in making application for the relief and the creditor incurred expense in obtaining and executing on the subject lien of a charging order against an individual partner's interest in partnership property. We also held in *In re Busch*, 40 B.R. 591, No. 81–00343, that such discretion would not be exercised in respect to the lien of a judgment as to which the creditor went to the expense of instituting an execution after the closing of a case in which the debtor's right to avoid liens under Section 522(f) of the Bankruptcy Code had not previously been exercised, and to all intents and purposes had been waived as was also held by the Fourth Circuit Court of Appeals in *In re Hawkins*, 727 F.2d 324, 11 B.C.D. 1250 (4th Cir.1984).

As above, we know of no way in which these cases can be consolidated in such manner as to subject the jointly owned premises of the parties to bankruptcy jurisdiction and permit the court to retroactively avoid judicial liens thereagainst to the extent they interfere with the debtors' exemption claims, and this is perhaps unfortunate as the promptitude with which the wife-debtor prosecuted her bankruptcy case to completion when she was simultaneously concluding her divorce proceeding and negotiating a property settlement agreement and sale of the assets she thereunder acquired for more than a sufficient sum to liquidate the unavoidable liens thereagainst might have impelled us to exercise our discretion in favor permitting her to claim her exemption rights in the proceeds of sale in priority to payment of avoidable liens thereagainst if there were dates as of which she could have obtained such result

by instituting the application to avoid liens when the cases were concurrently pending.

An appropriate Order will be recommended for approval of the United States District Court.

### ORDER

At Erie, in the Western District of Pennsylvania, this 20th day of July, 1984, IT IS ORDERED that the within actions to reopen closed bankruptcy cases and avoid judicial liens be, and the same hereby, are dismissed for the reasons set forth in the foregoing Memorandum of William B. Washabaugh, Jr., United States Bankruptcy Consultant.

WILLSON, Senior District Judge.

The above Order is hereby adopted and confirmed on recommendation of William B. Washabaugh, Jr., Bankruptcy Consultant.