**In re Howard E. HUNTER, III d/b/a Uptown Theatre, Debtor.**

**Bankruptcy No. 86–3361(3)7.**

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 23, 1994.

Marc H. Levy, Louisville, KY, for debtor Howard E. Hunter.

Catherine Tang, Stites & Harbison, Louisville, KY, for Sargoy, Stein & Hanft.

Joseph J. Golden, Scott J. Goldberg, Louisville, KY, Asst. U.S. Trustee.

## *MEMORANDUM*

DAVID T. STOSBERG, Bankruptcy Judge.

This motion to avoid a judicial lien arises out of a seven year old bankruptcy case, filed on November 3, 1986. The Debtor's discharge was entered on March 12, 1987 and the case was closed on June 12, 1987. On September 22, 1993, the Debtor filed an application to reopen his bankruptcy case to avoid a judicial lien that was in existence at the time of the filing. We summarily overruled Debtor's initial motion for failure to provide a description of the property as required by Local Rule 23. Debtor having complied with the procedural requirements of Local Rule 23, we now address the merits of the motion.

■ The underlying philosophy of the Bankruptcy Code is the granting of a "fresh start" to the honest, but unfortunate debtor. A key component to this philosophy is the debtor's entitlement to exemptions. To exercise the right to an exemption, the debtor must first plead the exemption. Thereafter, creditors, the trustee, and all parties in interest have thirty (30) days after the § 341 meeting to object to the claimed exemption. An exemption not objected to within the thirty (30) day window is allowed. *See Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). We believe there should likewise be a deadline for lien avoidance, which is a right that impinges upon the allowance of exemptions; i.e., a lien is only avoidable to the extent it impairs an exemption. 11 U.S.C. § 522(f).

■ Pursuant to 11 U.S.C. § 350(b), a case may be reopened to administer assets, to accord relief to the debtor, or for other cause. Clearly, the decision to reopen rests within the sound discretion of the bankruptcy court. *In re Rosinski,* 759 F.2d 539, 540–41 (6th Cir.1985). Courts liberally grant motions to reopen to add a creditor inadvertently omitted, provided there is no evidence of fraud or intentional design behind the omis-

sion. *Id. See also, In re Stark,* 717 F.2d 322 (7th Cir.1983).

■ We draw a distinction between inadvertent omission of a creditor and the failure to exercise a "right" granted by 11 U.S.C. § 522, and our cue for this distinction emanates from the Supreme Court case of *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor,* the Supreme Court strictly enforced a thirty (30) day time limit on objecting to exemptions. The Court allowed exemptions when no objection had been filed, *notwithstanding* the fact that no apparent basis existed in law for the claimed exemption. *Id.* Similarly, we adhere to this approach and reject the debtor's request for failing to exercise his right in a timely manner.

■ Moreover, this Court is troubled by the Debtor's unreasonable delay in attempting to avoid a lien on a homestead which he allegedly owned on the date of filing and upon which he *failed to plead an exemption.* Were this Court to admonish lien avoidance seven years after the discharge, it is hard to hypothesize all of the resulting prejudice to the creditor. It is a basic premise in bankruptcy law that when property is abandoned and the debtor is granted a discharge, a valid lien survives the discharge and the lienholder is free to enforce its lien, provided such lien was not avoided under the Bankruptcy Code. 3 *Collier on Bankruptcy* ¶ 524.01 (15th ed. 1993). It would be immensely burdensome, if not totally impossible, to expect a creditor to determine the value of the subject property, for purposes of determining the amount of equity in the property and the concomitant exemption available to the debtor, *seven years* after the bankruptcy was filed. *See In re Caicedo,* 159 B.R. 104 (Bankr.D.Conn. 1993) (where the bankruptcy court held that the doctrine of laches barred reopening a Chapter 7 case in order to avoid a prepetition judicial lien eight years after it was closed).

Although the Code does not set a time limitation for avoiding liens under section 522(f) or elsewhere, the legislative history of 11 U.S.C. § 350(b) provides that laches may constitute a bar to an avoidance action. H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong.2d Sess.

49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5835, 5963, 6294. *See In re Caicedo,* 159 B.R. 104 (Bankr.D.Conn.1993).

In the case of *In re Williams,* 17 B.R. 204, 207 (Bankr.W.D.Ky.1982), the Court refused to allow the reopening of a case to avoid a lien twelve (12) months after the discharge, the Court finding there was no excuse for the delay. The Eleventh Circuit has recently declined to reopen a case to avoid a lien more than two (2) years after the case was closed and five (5) months after the debtors had actual knowledge that the judgment lien had never been avoided. *In re Bianucci,* 4 F.3d 526 (11th Cir.1993). *See also, In re Busch,* 40 B.R. 591 (W.D.Penn.1984) (14–month lapse between discharge and application to avoid—Court refused to reopen); *In re Smiley,* 26 B.R. 680 (D.Kan.1982) (application to avoid lien *must* be filed prior to granting of discharge); and *In re Porter,* 11 B.R. 578 (W.D.Okla.1981) (where the Court analogized lien avoidance to the reaffirmation process and fixed the time for avoiding liens as prior to the time when the case is closed). This Court believes that requiring a debtor to exercise a right to avoid a lien in a timely fashion reflects and satisfies the underlying rationale of *Taylor, supra.* Thus the Court overrules the Debtor's motion to reopen this case for purposes of avoiding a judicial lien.

■ In order to fulfill the chief purpose of the bankruptcy laws which is to effectuate the prompt administration of every bankruptcy case, we hereby reaffirm the *Williams* case and further, set a time limit on all lien avoidance motions filed in the Bankruptcy Court for the Western District of Kentucky. Hereinafter, all motions to avoid liens shall be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a). This ruling shall apply prospectively to all cases filed in this District on or after April 1, 1994.

An Order consistent with the findings and conclusions of this Memorandum has been entered this same date.

### ORDER

Pursuant to the Court's Memorandum incorporated herein by reference and entered this same date,

IT IS HEREBY ORDERED that the Debtor's Motion to Reconsider his Application to Re–Open Estate for Purposes of Avoiding Judicial Lien is OVERRULED.