**In re Theresa Mae WILLIS a/k/a Theresa Mae Beck, Debtor.**

**Bankruptcy No. 94–33113(2)13.**

United States Bankruptcy Court, W.D. Kentucky.

July 14, 1995.

Dennis E. Kurtz, Louisville, Kentucky, for Debtor.

William W. Lawrence, Trustee, Louisville, Kentucky.

### *MEMORANDUM–OPINION*

J. WENDELL ROBERTS, Chief Judge.

This matter comes before this Court on the Objection of Debtor, Theresa Mae Willis ("Debtor"), to the claim of Creditor, Mark Gibson ("Creditor"). Debtor objects to the claim on the basis that it includes interest accumulated not only since the date of the creation of the lien, but also includes interest accumulated since a prior bankruptcy action filed by Debtor in 1982. Having reviewed the briefs of both parties, as well as having conducted its own independent research, this Court overrules Debtor's Objection for the reasons set forth below.

### *FACTS*

Creditor obtained a judgment lien against Debtor on December 17, 1981. That lien was recorded on December 28, 1981, in Lis Pendens Book 34, at Page 626. Thereafter, on September 27, 1982, Debtor filed for protection under Chapter 7 of the Bankruptcy

Code. However, Debtor took no action to avoid Creditor's judicial lien. In March of 1983, Debtor's case was discharged.

Twelve years later, on October 24, 1994, Debtor filed for bankruptcy again, this time under Chapter 13 of the Bankruptcy Code.

Creditor's original judgment against Debtor was in the amount of $5,000.00. That judgment additionally provided for interest at the rate of 8.5% per annum from the date of judgment until paid. The balance owed to Creditor as of the date of the filing of his proof of claim in this Chapter 13 action includes the original principal of $5,000.00, and accumulated interest of $9,173.08.

On January 19, 1995, Debtor filed an Objection to Creditor's claim and a hearing was held. Debtor argued at that hearing that she should be allowed to reopen her 1982 bankruptcy action so that she might file a motion to avoid the Creditor's lien. The Court rejected Debtor's request on the basis that too great a time had elapsed for the reopening of that action.

Upon failure of that avenue of relief, Debtor now seeks to have this Court declare that interest ceased to accrue on Creditor's secured debt upon the filing of Debtor's 1982 bankruptcy action. This Court rejects Debtor's argument, finding that interest did in fact continue to accrue following the filing of that action.

### *LEGAL DISCUSSION*

■ It is firmly established that a lien "rides through" bankruptcy unaffected, unless the lien is disallowed or avoided. *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *J. Catton Farms, Inc. v. First Nat'l Bank,* 779 F.2d 1242 (7th Cir.1985) (Liens pass through bankruptcy unaffected, meaning that a secured creditor may choose to ignore the bankruptcy proceeding and enforce his security interest); *Estate of Lellock v. Prudential Ins. Co.,* 811 F.2d 186 (3rd Cir.1987) (Although underlying debt was discharged in bankruptcy, the lien created before the bankruptcy against Debtor's property to secure that debt survived discharge where the lien was neither disallowed nor avoided); *New-*

*man v. First Sec. Bank,* 887 F.2d 973 (9th Cir.1989) (If secured creditor chose not to file a claim or otherwise assert any interest in the security during the bankruptcy proceedings, the bankruptcy discharge has no effect on the lien); *accord In re Tarnow,* 749 F.2d 464, 466 (7th Cir.1984); *In re Braun,* 152 B.R. 466 (Bankr.N.D.Ohio 1993); *In re Hunter,* 164 B.R. 738 (Bankr.W.D.Ky.1994); *In re Kuebler,* 156 B.R. 1012 (Bankr. E.D.Ark.1993).

■ Thus, the discharge granted to Debtor in her 1982 Chapter 7 bankruptcy action relieved her only from any *personal* obligation to Creditor. *In re Lindsey,* 823 F.2d 189 (7th Cir.1987). The lien at issue was neither disallowed nor avoided. Accordingly, Creditor's lien "rode through" Debtor's previous bankruptcy action unaffected.

■ The parties concede that the value of Debtor's equity in the real property to which the lien has attached is greater than Creditor's claim. The Sixth Circuit has held that Section 506(b) of the Bankruptcy Code provides for interest "... on all allowed secured claims where . the value of the security is greater than the claim." *In re Colegrove,* 771 F.2d 119, 122 (6th Cir.1985); *See also In re Bormes,* 14 B.R. 895, 898 (Bankr.D.S.D. 1981); *In re Henzler Mfg. Co.,* 55 B.R. 194, 196 (Bankr.N.D.Ohio 1985); *Matter of Schwartz,* 77 B.R. 177, 182 (Bankr.S.D.Ohio 1987), *aff'd* 87 B.R. 41 (1988). Consequently, Creditor's claim includes interest. Because Creditor's lien "rode through" Debtor's 1982 bankruptcy action unaffected, Creditor is entitled to recover interest not only from the date of the creation of the lien, but from the prior bankruptcy, as well.

### *CONCLUSION*

For the above-stated reasons, this Court overrules Debtor's Objection to Creditor's claim, holding that Creditor is entitled to interest in the amount of $9,173.08 on his $5,000.00 claim. Debtor shall be granted 20 days in which to amend her Chapter 13 Plan to provide for the payment of Creditor's lien with the interest.