In re Charles Estil KELLER, Jr.,
Linda K. Keller, Debtors.

Charles Estil Keller, Jr., et al., Plaintiffs,

v.

CIT Group/Consumer Finance,
Inc., et al., Defendants.

Bankruptcy No. 97–58357.
Adversary No. 98–0005.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Dec. 21, 1998.

Robert M. Hoskinson, Columbus, Ohio, for plaintiffs.

Brian E. Chapman, Cincinnati, OH, for defendant CIT.

Michael T. Gunner, Hilliard, Ohio, Chapter 7 Trustee.

## ORDER ON ACTION TO DETERMINE VALIDITY OF LIEN

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter is before the Court upon the Complaint filed by Debtors Charles Keller, Jr. and Linda Keller ("Debtors"), and the Cross–Claim of the Chapter 7 Trustee of Debtors' bankruptcy proceeding, Michael T. Gunner ("Trustee"), against CIT Group/Consumer Finance, Inc. ("CIT") whereby the validity of CIT's mortgage on certain real property owned by Debtors is disputed. At the hearing with respect to this matter, the parties were afforded an opportunity to present argument and evidence in support of their respective positions. Thereafter, at the Court's request, the parties filed post-hearing briefs.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### I. Findings of Fact

On or about November 13, 1995, Debtors executed a real estate mortgage to secure a promissory note entered by Debtors in favor of CIT in the original principal amount of $65,545.68. The real estate mortgage was recorded in the County Recorder's Office in Athens County, Ohio on November 15, 1995. The legal description attached to the real estate mortgage listed only a single parcel of real property, although it is undisputed that Debtors intended to grant CIT a mortgage on two parcels of real estate, one being improved with a single family dwelling, and the other being contiguous unimproved property. The omission of the improved parcel of real estate was through inadvertence or "scrivener's error". Both parcels of real estate share the common street address of "15866 U.S. 33 South, Nelsonville, Ohio", and shall collectively be referred to herein as "the Property."

Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on November 7, 1996. On November 15, 1996, Debtors filed their Statement of Financial Affairs and Schedules of Assets and Liabilities in their Chapter 7 bankruptcy proceeding. Debtors filed their "Schedule A—Real Property", and under the column entitled "description and location of property" Debtors listed "Real estate located 15866 U.S. 33 S, Nelsonville OH". In their "Schedule D—Creditors Holding Secured Claims", Debtors listed "the CIT Group/Consumer" as having a claim secured by a real estate mortgage, with a claim amount of $65,796.00, and the value of the Property listed as $40,000.00.

Michael T. Gunner was appointed as the Chapter 7 Trustee of Debtors' bankruptcy estate on November 19, 1996, and conducted the first meeting of creditors pursuant to 11 U.S.C. § 341(a) on December 10, 1996. At all times relevant to these proceedings, Debtors were represented by their counsel of record, Robert Hoskinson. On December 4, 1996, Debtors filed their Chapter 7 Individual Debtor's Statement of Intention, and disclosed their intention to surrender the "real estate located at 15866 U.S. 33 S, Nelsonville OH" to CIT.

On December 19, 1996, the Trustee filed a Report of No Distribution, certifying that he had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law", and that "the estate of the ... debtor has been fully administered." On January 21, 1997, the Trustee filed a Notice of Trustee's Abandonment giving "notice that he is abandoning his right, title and interest in the Debtor's real property: 15866 U.S. 33 South Nelsonville, Ohio 45764." The notice of abandonment was served on Debtors and their counsel, among others, and no opposition was filed. Additionally, pursuant to an order entered March 3, 1997, CIT was granted relief from the automatic stay "to foreclose and dispose of Debtors' real estate located at 15866 U.S. 33 South Nelsonville, Ohio 45764". Debtors received their discharge on March 5, 1997, and this case was closed on March 13, 1997.

CIT discovered a deficiency in the legal description attached to the recorded mortgage when a title search was conducted as

part of its foreclosure action relating to the Property. CIT took steps in the state court to reform and re-file its mortgage to include the inadvertently omitted parcel of real estate. Debtors re-opened their bankruptcy case, and filed this action seeking a determination that the reformed and re-filed mortgage was void or voidable, and that the lien on the previously unperfected parcel of real property should be avoided.

## II. *Conclusions of Law*

The parties have gone to great lengths to argue matters such as the effect of the bankruptcy case on CIT's right to reform its mortgage, and the effect of the trustee's status as a bona fide purchaser pursuant to 11 U.S.C. § 544. While these arguments are interesting, they unfortunately fail to address the dispositive issue in this case.

As stated above, in complying with their obligations pursuant to 11 U.S.C. § 521, Debtors filed a list of creditors, and schedules of assets and liabilities. Debtors disclosed the relevant real estate in their schedules by its street address, and the Trustee filed a notice of abandonment of the Property by street address, which was not opposed. Debtors and the Trustee had ample time to analyze and investigate CIT's requests for abandonment and relief from stay, but failed to file any opposition. Unfortunately, this is a case fraught with errors and lack of reasonable diligence by all parties involved. Neither Debtors, their counsel, nor the Chapter 7 Trustee apparently compared the recorded copy of CIT's mortgage to the corresponding warranty deed. It is undisputed that the Property, by its common street address, was scheduled as property of this bankruptcy estate.

11 U.S.C. § 554(a) authorizes the trustee to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(c) provides that "any property scheduled under § 521(1) of this title not otherwise administered at the time of the closing of the case is abandoned to the

debtor and administered for purposes of section 350 of this title" (sometimes referred to as "technical abandonment"). The real property "located at 15866 U.S. 33 South, Nelsonville, Ohio" was specifically abandoned upon the Trustee's unopposed notice of abandonment pursuant to 11 U.S.C. § 554(a), and upon the closing of the case pursuant to § 554(c) based on the Property being disclosed in the Debtors' schedules. There was nothing stated in the abandonment that would limit its effect, e.g., to an attached legal description. The only possible conclusion is that all property described by the common street address was abandoned by the Trustee.

■■■ But for the abandonment of the Property, there is no doubt that 11 U.S.C. § 544(a)(3) would have allowed the Trustee to avoid the unperfected mortgage of CIT as to the unrecorded parcel.[1] *Terlecky v. American Community Bank (In re Godwin)*, 217 B.R. 540, 543 (Bankr.S.D.Ohio 1997); *In re Bridge*, 18 F.3d 195 (3d Cir.1994); *In re Mosley*, 55 B.R. 341, 342 (Bankr.W.D.Ky. 1985); *In re Muller*, 185 B.R. 552 (Bankr. M.D.Tenn.1995). However, the effect of the abandonment is clear. Whether property be abandoned under § 554(a) or (c), it is removed from the estate, thereby divesting the trustee of control, and divesting the bankruptcy court of jurisdiction over matters concerning the abandoned property. *In re DeVore*, 223 B.R. 193, 200 (9th Cir. BAP 1998) ("Abandonment removes the asset from the jurisdiction of the bankruptcy court"). *Accord, In re Folks*, 211 B.R. 378, 388 (9th Cir. BAP 1997). Upon technical or specific abandonment, the property "ceases to be property of the estate and reverts to the debtor." *In re Sills*, 126 B.R. 974, 976 (Bankr. S.D.Ohio 1991). "The trustee is simply divested of control of the property because it is no longer part of the estate. Thus, abandonment constitutes a divesture of all of the estate's interests in the property." 5 *Collier on Bankruptcy*, § 554.02[3], pp. 554–5 (15th ed.1998).

---

1. Curiously, in his cross-claim against CIT, the Trustee asserts that he has the right to avoid CIT's lien under § 545 instead of § 544. The

Court assumes this to be merely "scrivener's error."

The Trustee admits that "but for the intervening bankruptcy of debtors the creditor would prevail in having equity reform the mortgage deed ... since it was obviously the intent of both creditor and the debtor that both parcels were to be included." Post Trial Brief of Trustee, p. 2. *See also,* O.R.C. § 2719.01; *Transamerica Financial Services v. Stiver,* 61 Ohio App.3d 49, 572 N.E.2d 149 (1989). Subsequent to abandonment and relief from the automatic stay, reformation is similarly appropriate. The abandonment of the property, in conjunction with the unopposed order granting CIT relief from the automatic stay, allowed CIT to take all proper *in rem* actions relating to the property in state court, including reformation of the mortgage, and prosecution of a foreclosure action.

CIT's lien against Debtors' real estate, including the unperfected lien that was subject to reformation, was not avoided during the pendency of the bankruptcy proceeding, and therefore survived the discharge. *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *In re Braun,* 152 B.R. 466 (N.D.Ohio 1993); *In re Willis,* 199 B.R. 153, 154 (Bankr.W.D.Ky. 1995). Debtors claimed an exemption in "real property" (presumably the Property), and the Trustee made no objection to the claimed exemption. After abandonment, while CIT was enjoined from pursuing Debtors on an *in personam* basis, it was not precluded from reforming and executing on its lien. *See, e.g., Johnson,* 501 U.S. at 84–85, 111 S.Ct. 2150; *In re Davis,* 99 B.R. 732, 733 (Bankr.W.D.La.1989). Reformation is effectively an *in rem* equitable proceeding, and may be prosecuted post-discharge to correct mistakes in written instruments that do not express the true intent of the parties. *Davis,* 99 B.R. at 733. Reformation will not result in personal liability to the discharged debtor, but will merely allow a valid lien to be enforced. After abandonment, there is no trustee to assert the rights of a hypothetical lien creditor or bona fide purchaser in order to challenge the perfection of the lien, and preclude its reformation.

This is not a case where the debtor failed to schedule property, and the trustee seeks a determination that there is no technical abandonment pursuant to 11 U.S.C. § 554(c). There are no allegations of concealed or newly discovered property. It appears that neither Debtors nor the Chapter 7 Trustee sufficiently analyzed the relevant documentation before allowing CIT to obtain relief from stay and abandonment without opposition. It would have been a simple matter for Debtors to have compared the warranty deed to the recorded mortgage prior to indicating their intention to surrender the Property, and allowing the creditor to obtain relief from the automatic stay and abandonment without opposition. Even a cursory review of the real estate mortgage, without comparison to the corresponding deed, raises questions as to the diligence of Debtors and the Chapter 7 trustee. The exhibit attached to the real estate mortgage, representing the legal description of the Property, begins with a reference to "parcel one". Such a reference is unusual absent reference to other parcels, and that discrepancy should have been noticed by the parties. This is especially true in light of the clear descriptions of "parcel one" and "parcel two" set forth in the warranty deed for the Property.

The Court questions whether it is prudent for a chapter 7 trustee to abandon real property by street address. Abandonment of real property by legal description, subsequent to confirmation that the appropriate legal description was attached to a recorded mortgage, would be a more expedient practice. Inherent in a trustee's abandonment of property is an admission that the trustee had sufficient time to fully investigate the assets of the bankruptcy estate, and a conclusion that any assets to be abandoned were burdensome, or had no potential for value and benefit to the estate. Absent such an investigation and conclusion, the trustee's statutory duty has not been fulfilled, and abandonment is improper. The Trustee in this case is a licensed attorney, and the danger in agreeing to abandon property without full investigation should have been apparent.

As this case currently stands, the specific and technical abandonment resulted in both parcels of the Property being removed from

the jurisdiction of the bankruptcy court.[2] In light of the abandonment of the Property, and CIT obtaining relief from the automatic stay, there is no basis to conclude that CIT's actions were in violation of the Debtors' discharge. Based on the foregoing, this adversary action is hereby dismissed, and the main case is to be re-closed.

IT IS SO ORDERED.

2. Reopening the bankruptcy case is not sufficient to negate the effect of the abandonment of the Property. *DeVore,* 223 B.R. at 198.