**TRANSAMERICA FINANCIAL SERVICES, Appellee,**

v.

**STIVER et al., Appellants.**

[Cite as *Transamerica Financial Services v. Stiver* (1989), 61 Ohio App.3d 49.]

Court of Appeals of Ohio,
Montgomery County.

No. 11111.

Decided Feb. 8, 1989.

50

Robert M. Duncan, for appellee.
Philip M. Manogg, for appellants.

Brogan, Judge.

This case comes to us out of the Montgomery County Court of Common Pleas from an action brought by the appellee, Transamerica Financial Services, against the appellants, William C. and Wanetta Stiver. In that action, Transamerica alleged that the Stivers defrauded them into releasing a mortgage on the Stivers' real estate described as follows:

"Situated in the County of Montgomery in the State of Ohio and in the City of Dayton; and being Lot number Forty Three Thousand Four Hundred Sixty Five (43465) of the consecutive numbers of lots on the revised plat of the said City of Dayton, Ohio."

Transamerica also claims that the real estate mortgage was released without consideration. The Stivers counterclaimed under six contentions. The trial court granted a motion by Transamerica for summary judgment. The Stivers have dropped the counterclaims, without prejudice, and bring this appeal from the trial court's order.

In June 1987, the Stivers applied for a loan from Transamerica. After they filled out an application, $33,413.36 was loaned to them and secured by a mortgage on the previously described property. The money was used to pay off a number of debts including credit card debt. Included in the $33,413.36 was a check for $5,000.10, which the Stivers cashed and spent. On August 4, 1987, the Stivers wrote to find out how much they owed on the loan. The Stivers sent a draft for $33,200 to Transamerica shortly thereafter. This overpaid the remaining loan balance by $299.32, which was refunded to the Stivers.

The instrument used by the Stivers to pay Transamerica was a certified draft drawn on the Panora Credit Trust in Acapulco, Mexico. Transamerica deposited the draft with First National Bank of Dayton, Ohio ("First Bank"). On September 16, 1987, Transamerica released the mortgage on the above-mentioned property in consideration for receiving the draft. On October 5, 1987, First Bank informed Transamerica that the draft had been returned not paid and undeliverable at the address listed on it. This suit was brought by Transamerica praying for reinstatement of the recorded mortgage, and a temporary restraining order was issued prohibiting transfers of interest in the Stivers' real estate from taking priority over Transamerica's interest. Mr. Stiver gave First Bank a new address for the Panora Credit Trust and the draft was sent out again, at the insistence of the court, this time by registered mail. The draft was signed for as received in Mexico on January 22, 1988, and on February 24, 1988, a new draft was given to Transamerica, this time drawn on International Credit Exchange ("ICE"), a drawee sharing the same

address with the Panora Credit Trust. The Federal Reserve Bank of Cleveland had previously written a letter to its member banks, including First Bank, informing it that it had information from Mexican banking authorities that drafts drawn on ICE were bogus and that ICE did not exist. After receiving this information, Transamerica continued with this suit, but has never attempted to cash the ICE check.

The Stivers allege only one assignment of error, that the trial court erred in granting the summary judgment motion made by Transamerica. However, that assignment of error is broken into three main arguments: (1) that the Stivers' motion for a continuance of the summary judgment hearing should have been granted; (2) that Transamerica's amended response to the Stivers' memo contra Transamerica's motion for summary judgment and the attached affidavits should not have been permitted and considered without giving the Stivers notice and additional time to respond to it; and (3) that the evidence before the trial court was insufficient to grant Transamerica's motion for summary judgment. We will address these three arguments separately.

### I

The Stivers believe that it was error for the trial court to deny their motion for a continuance of the hearing scheduled to discuss Transamerica's motion for summary judgment. This argument basically centers around the fact that, when the continuance was denied, the court went on to grant Transamerica's motion for summary judgment before Transamerica's motion for a protective order from discovery was ruled on.

Civ.R. 56(F) provides as follows:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

This rule allows the court to use discretion when granting a continuance. In *Grange Mut. Cas. Co. v. State Auto. Mut. Ins. Co.* (1983), 13 Ohio App.3d 217, 13 OBR 267, 468 N.E.2d 909, the Court of Appeals for Hamilton County stated that if a motion for a continuance is not supported by affidavits, the court is free to consider the motion for summary judgment. In our case, no affidavits support a motion for continuance. Therefore, the court was free to overrule it.

Additionally, granting oral hearings on motions for summary judgment is discretionary. Civ.R. 56(C); *Gates Mills Invest. Co. v. Pepper Pike*

(1978), 59 Ohio App.2d 155, 164, 13 O.O.3d 191, 196, 392 N.E.2d 1316, 1322. Also, issuance of a protective order is discretionary. Civ.R. 26(C). The court's decision to deny a continuance and rule on the motion for summary judgment before ruling on the protective order was effectively a ruling on the protective order. The trial court did not abuse its discretion when it overruled the motion for a continuance, nor when it effectively granted Transamerica a protective order from discovery.

## II

The Stivers' second argument is that the trial court improperly allowed Transamerica to amend its motion for summary judgment and submit additional affidavits to which the Stivers were not given an opportunity to respond.

Transamerica moved for summary judgment on April 7, 1988. This motion was supported by affidavits which, among other things, vouched for the following facts: a loan contract was entered into, consideration in the form of debt reduction and a $5,000.10 check was given; a mortgage secured the loan; a certified negotiable instrument drawn on Panora Credit Trust was given to Transamerica to repay the loan; the mortgage was released upon receipt of that instrument; and the instrument was returned unpaid and undeliverable.

The failure of Transamerica to present the ICE check for payment is not important because presentment of the check was made and the check was dishonored. An instrument is dishonored if it is presented to one performing a banking function and the one-business-day deadline of R.C. 1304.21 (UCC 4–301), 1303.61 (UCC 3–506) and 1303.62 (UCC 3–507) has expired without payment. The evidence of presentment and failure to pay on presentment was properly before the court before any other alleged procedural problems arose. This fact was not in dispute. Since presentment was made and the check was dishonored, the relief of reinstating the mortgage is warranted. There was no need for additional evidence since the failure to honor negated the consideration for releasing the mortgage. There was no harm done by the trial court when it granted the motion for summary judgment and reinstated the recorded mortgage. If the Stivers wish to release the mortgage again, they need only pay off the debt they incurred with a check that is not dishonored.

## III

The Stivers' argument is that the evidence before the trial court was insufficient to support a summary judgment and granting it was therefore improper. Since we have found there was evidence of presentment and

dishonor, that is all the evidence needed to support the trial court's decision to grant summary judgment to Transamerica.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF, P.J., and WILSON, J., concur.