In re Larry John GODWIN Jody Ann Godwin, Debtors.

Myron N. TERLECKY, Trustee, Plaintiff,

v.

AMERICAN COMMUNITY BANK, et al., Defendants.

Bankruptcy No. 96–50782.
Adversary No. 96–0453.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 7, 1997.

Brenda K. Bowers, Strip, Fargo, Schulman & Hoppers Co., L.P.A., Columbus, OH, for Plaintiff.

David R. Watkins, Thompson, Dunlap, Heydinger, McDonald & Watkins, Bellefontaine, OH, for American Community Bank, N.A.

William B. Logan, Jr., Luper, Sheriff & Neidenthal, Columbus, OH, for Citizens Federal Savings & Loan Association.

Steven R. Fansler, West Liberty, OH, for Debtors.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matters before the Court are the Motions for Summary Judgment filed by Plaintiff, Myron N. Terlecky, the Chapter 7 Trustee for Debtors Larry J. and Jody A. Godwin ("Plaintiff"), Defendant American Community Bank, N.A., ("Americom") and Defendant Citizens Federal Savings and Loan ("Citizens").

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## I. *Findings of Fact*

On December 20, 1996, the parties filed "Stipulations of Fact" which the Court hereby adopts and incorporates by this reference. Some of the relevant facts as stipulated by the parties are set forth herein. Debtors Larry J. Godwin and Jody A. Godwin ("Debtors") owned certain real estate located on County Road 13 in Washington Township, Logan County, Ohio ("the CR 13 Property"), and additional real property on County Road 24 North in Washington Township, Logan County, Ohio ("the CR 24 Property"). On May 30, 1991, Debtors executed a promissory note in favor of Americom. On April 2, 1993, Debtors executed a mortgage on the CR 24 Property to Americom to secure their obligation under the May 30, 1991 Promissory Note. The April 2, 1993 Mortgage was duly recorded on April 6, 1993 in the Official Records of the Logan County, Ohio Recorder. Debtors defaulted on the obligation under the May 30, 1991 Promissory Note, and on November 2, 1995 Americom obtained a judgment against Debtors on said note for the sum of $113,423.10. On November 8, 1995, Americom filed a certificate of judgment with respect to the November 2, 1995 judgment, thereby perfecting its lien on both the CR 24 Property and the CR 13 Property. Americom filed a complaint to foreclose its mortgage on the CR 24 Property on November 2, 1995 and to obtain judgment against Debtors on a second promissory note. On January 9, 1996, the Logan County Common Pleas Court entered a judgment entry for foreclosure of Americom's mortgage on the CR 24 Property, and further entered judgment for Americom against Debtors on the second promissory note referred to above.

Debtors filed the within Chapter 7 proceeding on February 9, 1996. Americom had filed a certificate of judgment on January 9, 1996, for a judgment lien on Debtors' real estate with respect to the January 9, 1996 judgment, however, the parties stipulated that the January 9, 1996 certificate of judgment is a preference and will be canceled by agreement pursuant to this adversary action. The certificate of judgment filed by Americom on November 8, 1995 in the amount of $113,423.10 plus interest and costs has been stipulated as non-preferential.

On December 22, 1987, Debtors executed a note in favor of Citizens in the amount of $100,000.00, and on the same date executed an open-end mortgage on the CR 13 Property in favor of Citizens, which mortgage was duly recorded with the Logan County Recorder's Office on December 23, 1987. It is stipulated that the mortgage against the CR 13 Property was a valid first mortgage against that property. On March 1, 1993, Citizens released and canceled its mortgage against the CR 13 Property through an internal clerical error. Citizens is owed the sum of $94,190.38 plus interest from August 31, 1996 on the December 22, 1987 promissory note.

On December 26, 1991, Debtors executed an open-end mortgage in favor of American General Finance ("American General") which mortgage was duly recorded with the Logan County Recorder on December 30, 1991 and became a valid second mortgage on the CR 13 Property. American General is owed $6,484.13 plus interest from November 22, 1996.

The Trustee filed this action on August 15, 1996, requesting the Court to determine the validity, extent and priority of liens against the CR 13 Property and CR 24 Property, and further requesting that the Court avoid the lien of Citizens pursuant to 11 U.S.C. § 544, and to preserve that lien for the benefit of this bankruptcy estate pursuant to 11 U.S.C. § 551.

## II. *Conclusions of Law*

The primary issue before this Court is the effect of the mistakenly released first mortgage of Citizens against the CR 13 Property. The parties have stipulated that the Logan County Ohio Treasurer is entitled to the first priority of distribution upon the sale of the CR 13 Property and the CR 24 Property, and the Court accepts that stipulation. In order to prevail on a motion for summary judg-

ment, a movant must show that "there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c), adopted and incorporated by Fed.R.Bankr.P. 7056. In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The parties do not dispute the relevant facts in this case, but disagree as to the legal effect of the cancellation of Citizens' first mortgage against the CR 13 Property through the bank's own internal error.

 It is appropriate for this Court to defer to state law in determining the nature and priority of interests in property. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); In re Hoff, 187 B.R. 190, 196 (Bankr.S.D.Ohio 1995). The priority of liens is to be determined by reference to nonbankruptcy law. United States v. Darnell (In re Darnell), 834 F.2d 1263 (6th Cir.1987). The priority of liens created under state law is governed by the rule "first in time, first in right." Darnell, 834 F.2d at 1266.

11 U.S.C. § 544 provides, in relevant part, as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

* * * * * *

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such purchaser exists and has perfected such transfer.

 11 U.S.C. § 544(a)(3) allows a chapter 7 trustee to avoid any interest in the property of the debtor that would be defeated by a bona fide purchaser for value of real property under Ohio law. Under Ohio law, a bona fide purchaser is one who pays valuable consideration, has no notice of outstanding rights of others, and acts in good faith. Allstate Financial Corp. v. Westfield Serv. Mgmt. Co., 62 Ohio App.3d 657, 664, 577 N.E.2d 383, 388 (1989). A purchaser without knowledge is only chargeable with what appears on the official record. See Sternberger v. Ragland, 57 Ohio St. 148, 48 N.E. 811 (1897). In the present case, the Trustee as a hypothetical bona fide purchaser as of the commencement of this case would not have seen an outstanding mortgage against the CR 13 Property in favor of Citizens due to the erroneous release of that mortgage. As such, the Trustee as a "bona fide purchaser" would prevail over the lien of Citizens pursuant to Ohio law and 11 U.S.C. § 544(a)(3). Ohio courts have recognized the priority of a bona fide purchaser of real property against an unrecorded lien or equitable interest. Wayne Building & Loan Company of Wooster v. Yarborough, 11 Ohio St.2d 195, 228 N.E.2d 841 (1967); Shaker Corlett Land Co. v. City of Cleveland, 139 Ohio St. 536, 41 N.E.2d 243 (1942).

This case is very similar to In re Price, 97 B.R. 264 (Bankr.E.D.N.C.1989). In Price, debtors received a loan evidenced by a promissory note and secured by a duly executed and properly perfected first deed of trust encumbering the relevant real property from Southern National Bank. Subsequently, the debtors also received a loan from Planters National Bank. Price, 97 B.R. at 264. At the time Planters National Bank made its loan to debtors, Planters understood that its lien was a second deed of trust against the relevant property. Price, 97 B.R. at 265. Southern canceled its deed of trust through an internal mistake prior to the filing of the Price bankruptcy proceeding. Under 11 U.S.C. § 544(a)(3), the court, interpreting North Carolina law, held that the chapter 7 trustee was able to assert the rights of a hypothetical bona fide purchaser, and avoid Southern's lien due to the erroneous cancellation of Southern's deed of trust. Price, 97 B.R. at 265. The court further held that Planters

knew of the Southern lien when the Planters' loan was made, and did not change its position in reliance on the erroneous cancellation, and concluded that the avoided lien of Southern would be preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551. *Price,* 97 B.R. at 265.

While the *Price* case was decided under North Carolina law, its ruling is instructive inasmuch as relevant Ohio law is analogous to the law of North Carolina. Ohio Revised Code § 5301.23 states that all properly executed mortgages that are properly recorded with the appropriate county recorder take effect upon their deliverance to the recorder. Further, "the first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference." This code section is analogous to North Carolina law which has been called a "pure race" statute, meaning that the one who wins the race to the Register of Deeds' Office will have priority. *Price,* 97 B.R. at 264 (citations omitted). When Citizens recorded its lien on the CR 13 Property on December 23, 1987, it was the first to record a lien against that property, and thereby established its position as the first and best lienholder.

In its motion for summary judgment, Americom "concedes that as between Citizens and its borrower, Citizens may have had a right to reform the cancellation of its mortgage prior to the filing of the borrowers' bankruptcy; however, the right of Citizens to bring an action to reform the mortgage was stayed pursuant to 11 U.S.C. § 362(a)(4), (5) upon the filing of the debtors' bankruptcy." Americom Motion for Summary Judgment, pp. 4–5. Americom argues that the Trustee may not avoid the lien of Citizens because no mortgage exists under Ohio law due to the cancellation of that mortgage. However, pursuant to Ohio Revised Code § 2719.01, and as acknowledged by Americom in its motion for summary judgment, but for the filing of this bankruptcy petition, Citizens would have had the right to reform the erroneous cancellation of its mortgage. *Transamerica Financial Services v. Stiver,* 61 Ohio App.3d 49, 572 N.E.2d 149 (1989) (Mortgagee is entitled to reinstatement of a mortgage that was released without consideration). The Trustee, however, is not similarly stayed by the bankruptcy filing from correcting the erroneous cancellation of the Citizens' lien on behalf of the estate.

There is no question that under 11 U.S.C. § 544(a)(3), the Trustee as a bona fide purchaser of the CR 13 Property at the time of the commencement of the case prevails over the unperfected mortgage of Citizens. This case is similar to cases where the Trustee was able to avoid unrecorded liens and preserve them for the benefit of the bankruptcy estate. *See, In re Mosley,* 55 B.R. 341, 342 (Bankr.W.D.Ky.1985) (Trustee prevails over erroneously canceled lien, as well as bank's claim of any remaining equitable lien); *In re Bridge,* 18 F.3d 195 (3d Cir.1994) (Trustee prevails over Mortgagee's rights as holder of unrecorded "equitable lien"); and *In re Muller,* 185 B.R. 552 (Bankr.M.D.Tenn.1995) (Trustee prevails over an unrecorded deed of trust).

Debtors executed the promissory note in favor of Americom on May 30, 1991, prior to the cancellation of the Citizens' mortgage. The Citizens mortgage had been of record since its recordation on December 23, 1987. As such, Americom cannot argue that it relied upon the cancellation of the Citizens' mortgage in order to make its loan to Debtors. The certificate of judgment filed by Americom on November 8, 1995, related to Debtors' default under the May 30, 1991 promissory note, and did not arise from a new loan made from Americom to Debtors. The Court therefor finds that the mere recordation of this certificate of judgment by Americom could not have resulted from detrimental reliance by Americom on the erroneous cancellation of Citizens' mortgage. The Court concludes that pursuant to 11 U.S.C. § 544(a)(3), the Trustee is able to avoid the erroneously canceled lien of Citizens based on the Trustee's status as a bona fide purchaser of the CR 13 Property as of the commencement of the case. That lien is automatically preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

Based on the foregoing, it is hereby

ORDERED that the Motion for Summary Judgment filed by the Chapter 7 Trustee is

GRANTED, and the mortgage lien of Citizens Federal Savings & Loan Association on the CR 13 Property is avoided pursuant to 11 U.S.C. § 544(a)(3), and preserved for the benefit of this bankruptcy estate pursuant to 11 U.S.C. § 551. The motions for summary judgment filed by American Community Bank, N.A. and Citizens Federal Savings and Loan are Denied to the extent they are inconsistent with this ruling.

IT IS SO ORDERED.