JOURNAL ENTRY AND OPINION
Jacquelyn Adams, (Adams) dba University Sunoco, appellant, contends that Judge Thomas Patrick Curran erred in granting summary judgment in favor of appellee, Metropolitan Bank and Trust Company (MBT) because of material issues of fact in dispute. She claims: she enjoyed a line of credit with the bank; that MBT has prevented her from curing her default for writing checks drawn on accounts with insufficient funds; and MBT has suffered no damages because her other financial institutions have deposits sufficient to satisfy MBT's claim, but such accounts are frozen. We disagree and affirm.
Jacquelyn Adams, the Chief Operating Officer of University Sunoco, opened a checking account at MBT in the name of Jacquelyn Adams dba University Sunoco in April of 1997. Because many of Adams' customers paid by personal checks, initially MBT delayed making those funds available for withdrawal by Adams to insure that the checks were honored. During the course of business, the parties entered a practice through which the bank would, at times, extend provisional credit. Specifically, the parties agreed that if, for any reason, the account was deficient upon the presentation of a check for withdrawal, the bank would honor the check and Adams could cover the shortfall and check return fees on the next business day.
On March 25, 1998, Adams deposited two checks into the MBT account. The first, in the amount of $29,114.00, was drawn on Adams' personal account with the Ohio Educational Credit Union (Credit Union). The second check, also dated March 25, 1998, in the amount of $29,114.00, was drawn on the account of Sunoco Ohio Lottery with Republic Savings Bank (Republic).
On the same day, Adams presented a check written to cash in the amount of $58,275.00, drawn from the MBT University Sonoco account against the deposits she had just made. Adams then used that cash to purchase two official MBT checks, the first made payable to Jackie Adams, individually, for $29,976.00, and the second to Sunoco Lottery, in the amount $28,299.00.
Shortly thereafter, Metropolitan learned that the checks deposited by Adams on March 25th, would not be honored by the Credit Union or Republic, each citing insufficient funds. As a result, Metropolitan placed "stop payment" orders on its Official Checks, but each had already been deposited with the Credit Union and Republic. Pursuant to R.C. 1303.51, MBT could not "stop payment" on its official checks and later paid the funds represented thereby to the Credit Union and Republic into which they had been deposited.
To date, appellee has not collected the funds lost from the honoring of its Official Checks and, as a result, after exercising its common law right to setoff, claims a loss of $54,715.91.
MBT filed suit against University Sunoco and Adams on June 18, 1998, and filed a Motion for Summary Judgment on October 28, 1998. Adams and University Sunoco responded to the motion and requested leave to file an omitted counterclaim and third-party complaint. Adams wanted to claim breach of contract against MBT and also sought to bring the Credit Union and Republic into the suit on claims of breach of contract, because neither institution would permit her to withdraw any money. That motion was denied and MBT's motion for summary judgment was granted.
Adams' sole assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE WHERE THERE WERE SUBSTANTIAL ISSUES OF MATERIAL FACT WHICH SHOULD HAVE BEEN CONSTRUED IN FAVOR OF DEFENDANT-APPELLANTS FOR PURPOSES OF RULING ON APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
We review the instant assignment of error de novo. Brown v.Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153, 1158. See, also, Soltis v. Wegman, Hessler, Vanderburg O'toole (Feb. 13, 1997), Cuyahoga App. No. 69602, unreported. In an action for summary judgment, the court is compelled to affirm provided that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence and the inferences to be drawn therefrom in favor of the non-moving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-movant. Civ.R. 56(C); Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 375 N.E.2d 46. See, also, Turner v.Turner (1993), 67 Ohio St.3d 337, 341. Summary judgment can only be granted if the entire record demonstrates no genuine issue of material fact, and the non-movant is entitled to judgment as a matter of law. Civ.R. 56, Harless, supra.
In this case Adams contends the following material issues are in dispute: whether MBT managed her account as a line of credit; whether MBT acted in a commercially reasonable manner when it interfered into Adams' relationships with other financial institutions; and whether MBT has actually sustained any financial loss. MBT characterizes the issue through summary judgment as quite simple: it advanced funds to Adams for which it has never been repaid.
The evidence presented on behalf of MBT is substantial. Not only were copies of all checks within its control presented, but they also included affidavits of Alan Unangst, the vice president of information services management of MBT, E. Thomas McKay, the security coordinator of the Credit Union, and Noreen Sawchik, the retail operations coordinator of Republic. All of these affidavits state that, upon presentment by MBT, neither the Credit Union nor Republic accounts had sufficient funds to pay a check for the amount presented. Adams agrees that her checks cashed by MBT drawn on her Credit Union and Republic accounts were overdrafts. She cannot rectify that admission by claiming she could have covered such overdrafts if MBT had ignored the situation. Since we have found that there was evidence of presentment and dishonor, pursuant to R.C. 1303.61(B) (1), that is all the evidence necessary to support MBT's motion for summary judgment. Transamerica Financial Services v. Stiver (1989),61 Ohio App.3d 49, 572 N.E.2d 149.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. P.J., CONCURS; LEO M. SPELLACY,J., CONCURS IN JUDGMENT ONLY.
 _________________________ JUDGE ANNE L. KILBANE