JOURNAL ENTRY AND OPINION
Plaintiffs-appellants, Ronald and Mary Ann Kupczyk, appeal the judgment of the Cuyahoga County Common Pleas Court granting the motion for summary judgment of defendants-appellees, K.R. Kuschnir, M.D. and Brunswick Orthopedics, Inc. Appellants contend that the trial court erred in denying their motions for extension of time for discovery and extension of time to file a brief in opposition to appellees' motion for summary judgment. We find no error and affirm.
On January 24, 1997, appellants filed a medical malpractice action against appellees, alleging in their complaint that appellees had negligently provided medical care and treatment to Ronald Kupczyk and negligently failed to discover and treat his herniated discs. In their answer, appellees denied appellants' allegations and asserted various affirmative defenses.
On June 25, 1997, the trial court conducted an initial case management conference and set various deadlines for the case, including the deadline of October 6, 1997 by which appellants were to submit their expert report. On October 6, 1997, appellants provided appellees with a copy of a letter dated March 6, 1997 drafted by Dr. Jeffrey Fierra, M.D., in connection with Ronald Kuschnir's workers' compensation claim. Dr. Fierra's letter contained no specific criticisms of appellees. In particular, Dr. Fierra's letter contained no opinion that appellees fell below the standard of care in their treatment of Ronald Kupzcyk.
On October 6, 1997, appellants filed a motion captioned Motion for Extension of Time to File Plaintiffs' Supplemental Experts' Reports. In their motion, appellants asserted that they had provided an expert report to appellees, but contended that supplemental reports were necessary to address Ronald's ongoing treatment, future surgery and additional discovery of appellees' medical records. Before appellants' motion for extension was ruled upon, this lawsuit was stayed on December 15, 1997, due to the liquidation of the PIE Mutual Insurance Company.
After the stay of proceedings was lifted, the trial court conducted a second case management conference on October 21, 1998. At that conference, the trial court established a new discovery schedule and granted appellants until January 29, 1999 to submit their expert reports. In addition, the trial court ordered that discovery be completed on April 7, 1999 and set trial for June 21, 1999. Appellants failed to provide an expert report by January 29, 1999, however.[1]
On March 23, 1999, appellees filed their motion for summary judgment. In their motion, appellees argued that they were entitled to judgment as a matter of law because appellants had failed to produce a report from any expert that appellees fell below the standard of care in their treatment of Ronald Kupzcyk.
On April 8, 1999, appellants filed a motion for extension of time for discovery. On April 22, 1999, appellants filed a motion for extension of time to file their brief in response to appellees' motion for summary judgment.
On May 12, 1999 and May 18, 1999, respectively, the trial court denied appellants' motion for extension of time to file their brief in opposition to appellees' motion for summary judgment and their motion for extension of time for discovery.
On May 25, 1999, the trial court granted appellees' motion for summary judgment. Appellants timely appealed, assigning two assignments of error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE THEIR BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FILED PURSUANT TO OHIO CIV.R.56(F).
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' MOTION FOR EXTENSION OF TIME FOR DISCOVERY.
In their first assignment of error, appellants contend that the trial court abused its discretion in denying their motion for an extension of time to file their brief opposing appellees' motion for summary judgment.
Civ.R. 56(F) provides, in pertinent part:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
Civ.R. 56(F) provides a method by which a party may seek a continuance on a motion for summary judgment so that he may obtain affidavits opposing the motion or conduct discovery relevant to it. Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 137. The rule allows the court to use discretion when granting a continuance. Transamerica Financial Serv. v. Stiver (1989),61 Ohio App.3d 49, 52. The burden is upon the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted:
 Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion. Gates Mills Invest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169.
Moreover:
 Where discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issue to be resolved, it is not an abuse of discretion for a court to grant a motion for summary judgment before such proceedings are completed. Ball v. Hilton Hotels (1972), 32 Ohio App.2d 293, syllabus.
A review of appellant's motion for extension of time to respond to appellees' motion for summary judgment fails to demonstrate that the trial court abused its discretion in denying appellant's motion. Appellees' motion for summary judgment was based upon one issue: that appellants had failed to produce a report by the required date from any expert who would testify that appellees fell below the standard of care in the treatment of Ronald Kupzcyk and, therefore, appellants could not prove their medical malpractice claim against appellees.
In their motion for extension of time to respond to appellees' motion for summary judgment, appellants sought additional time pursuant to Civ.R. 56(F) for the following reasons:
 1. The parties were still in the process of completing discovery;
 2. Additional discovery was needed due to the stay imposed in the case as a result of the PIE liquidation and several changes in defense counsel;
3. Scheduled depositions needed to be completed;
4. Ronald Kupzcyk was still undergoing medical treatment;
 5. Ronald Kupzcyk was still under evaluation for corrective surgery;
 6. Appellees had just completed appellants' discovery requests;
 7. Appellants had been unable to take appellees' deposition prior to the stay and, therefore, additional time was needed to complete the depositions;
 8. Appellants' discovery requests had been served prior to the stay in the case but only answered recently by appellees.
In addition, paragraphs three and four of the affidavit of appellants' counsel, the only affidavit submitted,[2] averred that additional time was needed because:
 1. * * * the Plaintiffs need to complete their discovery of the Defendants, due to the medical condition of the Plaintiff Ronald Kupzcyk, due to the PIE liquidation proceedings and the stay of proceedings, and due to changes in defense counsel;
 2. * * * the Defendant K.R. Kuschnir is in the exclusive possession and control of evidence, testimony, information, and dates essential to oppose the Defendants' Motion for Summary Judgment and that additional time is needed to complete the discovery of the Defendant.
None of the reasons set forth by appellants to justify their need for additional time to respond to appellees' motion, however, explain appellants' failure to provide an expert report by the required date. Appellants' assertion that additional time was needed because of the stay imposed in the case as a result of the PIE liquidation is without merit. If anything, as a result of the stay, appellants received additional time in which to produce their expert report. Prior to the stay, appellants were to produce their expert report by October 6, 1997. They did not do so and, instead, filed a motion for extension of time. Although the court did not rule on the motion, subsequent to the stay, at the second case management conference, the trial court ordered that appellants produce expert reports by January 29, 1999. Thus, as a result of the stay, appellants had additional time in which to provide an expert report.
Appellants' claim that they needed additional time in which to respond to appellees' motion for summary judgment because Ronald Kupzcyk was still undergoing medical treatment and under evaluation for corrective surgery is similarly without merit. The fact that a plaintiff is still treating does not prevent an expert from producing an initial report, even if the report must later be supplemented. Furthermore, the fact that Kupzcyk was still treating would not prevent an expert from opining that appellees' conduct fell below the standard of care. Thus, the fact that Kupzcyk was still treating does not excuse appellants' failure to provide an expert report by the required date.
Finally, appellants' assertion that they needed additional time because the parties had not completed discovery is also without merit. First, appellants could have presented Kupzcyks's medical records to a potential expert for review. Moreover, the discovery schedule established at the second case management conference required appellants to produce their expert report before discovery was completed. Thus, appellants should have anticipated that any expert report would need to be produced before discovery was completed. Moreover, we note that at no time after the second case management conference did appellants request an extension of time for the production of expert reports.
The sole issue presented by appellees' motion for summary judgment was appellants' failure to produce an expert report. The reasons given by appellants for their inability to respond to appellees' motion, however, were unrelated to the issue raised by appellees' motion and failed to adequately explain their failure to produce an expert report by the required date. Because mere allegations requesting a continuance of deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment, Gates Mills Invest. Co., supra, appellants did not meet their burden of demonstrating that a continuance was warranted.
Therefore, the trial court did not abuse its discretion in denying appellants' motion for an extension of time to respond to appellees' motion for summary judgment.
Appellants' first assignment of error is overruled.
In their second assignment of error, appellants contend that the trial court abused its discretion in denying their motion for an extension of time for discovery. We disagree.
The decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
This case was filed in January 1997. At the first case management conference, the trial court set a discovery deadline, including a deadline for the submission of appellants' expert report. Appellants did not comply with the expert deadline. Thereafter, the case was stayed for approximately nine months because of the liquidation of PIE. The trial court subsequently held a second case management conference. At that conference, although appellants had already missed the deadlines imposed in the original case management order, the trial court extended the time by which appellants could produce their expert reports and the time in which discovery could be conducted. Subsequently, on April 8, 1999, one day after discovery was to be completed, appellants filed their motion for extension of time to complete discovery.
Based on the procedural history of this case, we cannot say that the trial court abused its discretion in denying appellants' motion.
Appellants' second assignment of error is overruled.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 ____________________________ TIMOTHY E. McMONAGLE, P.J.
JOHN T. PATTON, J. and JAMES D. SWEENEY, J., CONCUR.
[1]Although appellants provided appellees with various documents in addition to Dr. Fierra's March 6, 1997 letter, including three diagnostic test results, two letters to Dr. Fierra referring to the treatment of Ronald Kupzcyk and a letter to Ronald Kupzcyk regarding his workers' compensation claim, none of the documents constituted an expert report nor have appellants suggested otherwise.
[2] Importantly, appellant failed to submit an affidavit from any expert regarding why the expert needed more time to provide a report.