JOURNAL ENTRY and OPINION
Plaintiff-appellant, Thompson ECP One, appeals the trial court's decision to grant the motion for summary judgment of the defendant-appellee, Cuyahoga Metropolitan Housing Authority (CMHA). The appellant contends that the trial court prematurely and erroneously granted the motion for summary judgment of CMHA under Civ.R. 56. Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the decision of the trial court.
In 1996, CMHA purchased properties in Cleveland and East Cleveland from the United States Department of Housing and Urban Development (HUD) and planned for the private development of the land for approximately three hundred (300) section 8 low-income housing units. Pursuant to agreement, CMHA had sole discretion to contract for goods and services and to select the general contractors, but was required to get three quotes for goods and services costing more than ten thousand dollars ($10,000) unless it can be reasonably documented why they were not obtained. The agreement allowed CMHA to contract with: (1) a party that did not provide the lowest quote, with documentation on why such low bidders were not accepted; and (2) itself or parties having an identity in interest with CMHA if amounts are reasonable and comparable to the amounts which would have paid in an arms-length transaction.
CMHA twice solicited procurement requests for proposals (RFP) for this project, once on July 7, 1998, and again on May 14, 1999. The first RFP solicitation resulted in only two proposals, one of which came from a company called EHT, LLC.[1] The appellant claims that CMHA officials made verbal representations that EHT, LLC's proposal was accepted in an arrangement where EHT, LLC was to receive half the work, and the other bidder was to receive the other half.
On May 14, 1999, CMHA issued another RFP which included several modifications of the original development plan. This solicitation resulted in five proposals, one of which came from the appellant, and another from a company named Forest City Capitol Corp. (Forest City). Of the five proposals, Forest City's proposal was rated the highest and therefore accepted.[2] Thereafter, the appellant filed the instant action naming as defendants CMHA, Forest City, and HUD.[3]
The complaint sought an injunction against the defendants to prevent them from entering into a contract and also sought to obtain from the CMHA the right to develop the project based upon EHT, LLC's response to the original RFP.
On November 15, 1999, CMHA filed a motion for summary judgment arguing that it had followed the procedures outlined in the agreement with HUD, that R.C. 3735.26 was inapplicable, and that
appellant was not entitled to the relief sought. The following day the trial court issued an order noting a case management conference had been held, and the order stated: Dispositive motions due N/A. Responses due 30 days thereafter. On December 15, 1999, exactly thirty days after CMHA had filed its motion for summary judgment, the appellant filed a motion for an enlargement of time to respond to that motion. On January 7, 2000, the trial court denied the appellant's motion for enlargement of time and granted the CMHA's motion for summary judgment.
It is from this grant of summary judgment for CMHA that the appellant now appeals. For the following reasons, the defendant-appellant's appeal is not well taken.
The defendant-appellant assigns four errors for this court's review.
Having a common basis in both law and fact, this court will address the appellant's first and second assignments of error simultaneously. The plaintiff-appellant's first and second assignments of error state:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO SET A HEARING DATE OR A DATE ON WHICH APPELLANT'S RESPONSE TO APPELLEES (SIC) MOTION FOR SUMMARY JUDGMENT WAS DUE.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY RULING ON THE SUMMARY JUDGMENT MOTION BEFORE PLAINTIFF HAD SUFFICIENT TIME TO COMPLETE ITS DISCOVERY AND IN DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME.
In its first and second assignments of error the appellant argues that the trial court committed prejudicial error in granting summary judgment without setting a hearing date or a deadline for appellant to respond to CMHA's motion. Thus, the appellant had no notice whatsoever of the deadline for submitting evidentiary materials in opposition to CMHA's motion. The appellant argues that Civ.R. 56(C) specifically mandates a hearing date either oral or non-oral after which the trial court may rule on the motion. The appellant points to Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356 in support of this position. In Murphy, the Ohio Supreme Court cautioned courts to carefully adhere to the requirements of Civ.R. 56(C):
 The grant of a Civ.R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped. Id. at 360.
Civ.R. 56 states, in part:
 The motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing.
 The adverse party prior to the day of hearing may serve and file opposing affidavits.
Although on point, the appellant fails to address Loc.R. 11(I) in detail. Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County General Division provides, unless otherwise ordered by the court, a motion for summary judgment shall be heard on briefs and other materials authorized by Civ.R. 56(C) without oral arguments. It gives a thirty (30) day time period in which the adverse party may file a brief in opposition. The appellant contends that a hearing should have been held on the motion for summary judgment pursuant to Civ.R. 56(C) and that it should have received fourteen (14) days' notice of such hearing.
Civ.R. 56(C) permits the trial court to set a hearing date for a summary judgment motion if such is requested by application of a party. When a hearing is requested and granted, the motion must be served at least fourteen (14) days before the date set for hearing and the adverse party is then permitted to serve and file opposing affidavits up until the day before the hearing. However, an oral argument is not mandated by the rule, but is purely discretionary. Transamerica Financial Services v. Stiver (1989), 61 Ohio App.3d 49, 52. The fourteen (14) day notice applies only if such hearing is indeed scheduled.
In the case at hand, the appellant had the full thirty (30) days allowed by the local rule, which should have been sufficient to answer the CMHA's motion. CMHA filed its motion on November 15, 1999 and the following day the trial court issued a journal entry stating responses to dispositive motions were due thirty (30) days thereafter. The trial court unequivocally notified the appellant it would consider December 15, 1999 as the date upon which the motion would be heard. The appellant's request for an extension of time does not change the rules nor is the court required to hold a separate hearing in the issue of continuance. The trial court complied with the requirements of both Civ.R. 56(C) and Loc.R. 11.1(I). Novosel v. Gusto (Dec. 3, 1998), Cuyahoga App. No. 73575, unreported.
The appellant further argues that the trial court abused its discretion in ruling on CMHA's motion before the appellant had been able to complete its discovery. This court recently stated that standard of review relative to the granting of a continuance pursuant to Civ.R. 56(C) is the same as that for Civ.R. 6(B). The granting of a denial of a motion for extension of time is not mandatory, but within the broad discretion of the trial court. Gates Mill Investment Co. v. Pepper Pike (1978), 69 Ohio App.2d 155. It is well established that the trial court has broad discretion in controlling the discovery process. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55. The trial court's decision will not be disturbed on appeal unless the court abused its discretion. Nook v. Society National Bank (July 19, 1990), Cuyahoga App. No. 57288, 1990 WL 100416. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude of the trial court. Id. at 80.
In the case at hand, the record reflects that the appellant caused its own delay and inability to get sufficient discovery materials to respond to CMHA's summary judgment motion. The appellant had ample opportunity to discover the material earlier if it had filed proper motions for depositions and documents. The appellant's failure to comply with the procedures outlined in Civ.R. 56(C) indicates that the trial court's action did not constitute an abuse of discretion. Accordingly, the appellant's first and second assignments of error are not well taken.
The plaintiff-appellant's third and fourth assignments of error state:
 III. THE TRIAL COURT ERRED WHEN AWARDING SUMMARY JUDGMENT TO CMHA BECAUSE DEFENDANT DID NOT SHOW THAT IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 IV. THE TRIAL COURT ERRED WHEN AWARDING SUMMARY JUDGMENT TO CMHA BECAUSE CMHA DID NOT CARRY ITS BURDEN OF SHOWING THE NONEXISTENCE OF MATERIAL ISSUES OF FACT.
In its third and fourth assignments of error, the appellant argues that the trial court's grant of summary judgment was not justified based on the evidence presented to the court. Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982),70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46,50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
In applying the above standard, it is clear that CMHA met its burden as a defending party under Civ.R. 56(B) and (C) of demonstrating that there are no unresolved genuine issues of material fact. The record reflects that no contract existed between appellant and CMHA. In accordance with CMHA policy and procedure, all contracts and acceptance of RFP's must be in writing and approved by formal resolution of the Commissioners. Although not binding, this court believes that MacKinnon Parker, Inc. v. Lucas Metropolitan Housing Authority (1992), 84 Ohio App.3d 453, is dispositive of the case at hand. In MacKinnon, a construction bidder sued the Toledo Metropolitan Housing Authority for breach of contract based on verbal statements representing that the bid had been accepted. The Sixth Appellate District held that no contract existed between the parties as a matter of law because there was no writing or execution. Id. at 458. Additionally, this court in Cooney v. City of Independence (Dec. 26, 1991), Cuyahoga App. No. 66509, unreported, held that political subdivisions will not be held liable upon quasi or implied contracts or for claims based upon theories of quantum meruit or unjust enrichment.
In the case at hand, it is clear that no legally enforceable contract existed between the appellant and CMHA. Neither appellant nor EHT, LLC were given formal acceptance of the proposal, much less a written contract approved by the CMHA commissioners. The fact that CMHA and EHT, LLC discussed the submitted proposal has no bearing on harsh reality that no written contract was ever entered into between the parties. Even assuming that the appellant could establish a verbal acceptance by CMHA of EHT, LLC's proposal, the appellant was not that entity's successor in interest as asserted in its amended complaint. Thompson ECP One (appellant) lacks privity of contract or successor rights on the first proposal because it was submitted by EHT, LLC. The record reflects that EHT, LLC and Thompson ECP One were different in both form and substance having different ownership, management structure, and key employees. Therefore, even assuming, that a verbal acceptance constituted a enforceable agreement, the appellant is not in privity or a successor in interest with EHT, LLC.
Accordingly, the appellant could present no legally enforceable cause against CMHA and, therefore, the granting of summary judgment was appropriate. The appellant's third and fourth assignments of error are not well taken.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Appellant asserts that EHT, LLC was its predecessor in interest.
[2] A group of five CMHA representatives from various departments graded the proposals. Forest City received the highest grade while the Thompson ECP One came in fourth.
[3] HUD was subsequently dismissed as a defendant. Forest City filed a separate motion for summary judgment on September 2, 1999 which was granted by the trial court.