**In re Arlene Ann LITTLE KEY, Debtor.**

**Myron N. Terlecky, Trustee, Plaintiff,**

v.

**Beneficial Ohio, Inc. d/b/a Beneficial Mortgage Co. of Ohio, Defendant,**

v.

**Arlene Ann Little Key, Third–Party Defendant.**

**Bankruptcy No. 01–57068.
Adversary No. 02–2027.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 6, 2003.

Amy Kerns Bidwell, Columbus, OH, for Debtor.

Myron N. Terlecky, Columbus, OH, trustee.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter comes before the Court upon the Motion of Defendant, Beneficial Ohio, Inc., d/b/a Beneficial Mortgage Co. of Ohio for Summary Judgment ("Beneficial Motion"), Stipulations of Fact, Plaintiff's Cross Motion for Summary Judgment and Memorandum Contra Defendant's Motion for Summary Judgment ("Trustee's Motion"), and Defendant's Memorandum Contra Plaintiff's Cross Motion for Summary Judgment ("Memo Contra").

### I. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### II. SUMMARY JUDGMENT STANDARD OR REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

[Summary judgment] ... shall be rendered forthwith if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The burden on the moving party is discharged by a "showing" that there is an absence of evidence to support a nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. Summary Judgment will be appropriate if the nonmoving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies with a nonmoving party. *Lashlee*, 570 F.2d at 110–111.

The fact that the parties have filed cross motions for summary judgment does not change the standards upon which courts must evaluate summary judgment motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991). Courts still must resolve each motion on its own merits drawing all reasonable inferences against the moving party in each instance. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987). Where genuine issues of material fact re-

main, neither motion should be granted. *Id.*

### III. FACTS

On November 27, 2002, the parties filed "Stipulations of Fact" which the Court hereby adopts and incorporates by this reference. Some of the relevant facts as stipulated by the parties are set forth herein. Debtor owned real property known as 2290 Gantz Road, Grove City, Ohio. That property was described in the General Warranty Deed as:

SITUATED IN THE STATE OF OHIO, COUNTY OF FRANKLIN, AND IN THE CITY OF GROVE CITY:
BEING IN VIRGINIA MILITARY SURVEY NUMBER 1454, AND BEING A PART OF A SEVEN ACRE TRACT CONVEYED TO FRANK R. HOUSE BY CERTIFICATE FOR TRANSFER OF REAL ESTATE AS RECORDED IN DEED BOOK 2503, PAGE 66, RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: ....

(Stipulations of Fact, General Warranty Deed, Exhibit C). Debtor executed certain mortgages dated November 9, 2000, which were intended to convey to Beneficial Mortgage Co. ("Beneficial") mortgage interests in the property known as 2290 Gantz Road, Grove City, Ohio.

In accepting and recording the mortgages, Beneficial intended to take mortgage interests in the real property. However, the mortgages contained the following legal description:

SITUATED IN THE STATE OF OHIO, COUNTY OF FRANKLIN, AND IN THE CITY OF GROVE CITY:
BEING IN VIRGINIA MILITARY SURVEY NUMBER 1454, AND BEING A PART OF A SEVEN ACRE TRACT CONVEYED TO FRANK R.

HOUSE BY CERTIFICATE FOR TRANSFER OF REAL ESTATE AS RECORDED IN DEED BOOK 3503, PAGE 66, RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: ....

(Stipulations of Fact, Mortgages, Exhibits A and B). The mortgages were properly executed and subsequently recorded with the Franklin County, Ohio Recorder on November 13, 2000 and November 17, 2000. Those mortgages were of record as of June 15, 2001, the Debtor's petition date. The legal description contained in the deed referred to Deed Book 2503. The legal description contained in the mortgages referred to Deed Book 3503.

The Trustee filed the adversary proceeding complaint on January 24, 2002, requesting the Court to determine the validity, extent and priority of liens against the 2290 Gantz Road property. Trustee further requested that the Court avoid the lien(s) of Beneficial pursuant to 11 U.S.C. § 544, and to preserve the lien(s) for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

Beneficial filed a counterclaim and third-party complaint alleging that the Debtor, in granting the mortgages to Beneficial, and Beneficial, in accepting and recording the mortgages, intended that mortgage interests in the Debtor's estate be conveyed to Beneficial. Beneficial further asserted that an examination of the records of the Recorder of Franklin County, Ohio would have put a hypothetical lien creditor or bona fide purchaser for value on notice as to the existence of the mortgages. Beneficial submitted the affidavit of Timothy L. Gaffin, a title examiner for Foundation Title Agency, Ltd., who stated that the mortgages as a whole provided ample notice of Beneficial's interests to a reasonable person searching the records. On that basis, Beneficial also requested an order of the Court reforming the mortgages to reflect the legal description contained in the deed and to carry out the intentions of the parties.

## IV. CONCLUSIONS OF LAW

The parties do not dispute the relevant facts in this case, but disagree as to their legal effect. The primary issue before the Court is the effect of the "changed" legal description in the mortgages. Section 544 of the Bankruptcy Code provides, in relevant part, as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) A bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3) (2002).

As set forth above, 11 U.S.C. § 544(a)(3) permits the Trustee to avoid any transfer of real property that would not be enforceable against a bona fide purchaser of the property at the time that a bankruptcy petition is filed. *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 752 (8th Cir. BAP 2000). *See also Terlecky v. American Community Bank (In re Godwin)*, 217 B.R. 540, 541 (Bankr.S.D.Ohio 1997). The effect of 11 U.S.C. § 544(a)(3) is that any creditor who has his security interest avoided is treated as a general unsecured creditor. For purposes of this

section, the Trustee's avoiding powers are subject to Ohio law.

■ Under Ohio law, a bona fide purchaser is defined as one who takes in good faith, for value, and without actual or constructive notice of any defect. *Shaker Corlett Land Co. v. City of Cleveland* (1942), 139 Ohio St. 536, 41 N.E.2d 243. The Ohio Supreme Court has held that "... a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive knowledge of the encumbrance." *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 68, 482 N.E.2d 946, 949. Under Ohio law, a "purchaser will be charged with knowledge of a previous encumbrance upon real property when he has knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge of a prior encumbrance." *Thames v. Asia's Janitorial Service, Inc.* (1992), 81 Ohio App.3d 579, 587, 611 N.E.2d 948, 953.

■ In the instant case, the Court finds that the total contents of the mortgages would have put a hypothetical lien creditor or potential bona fide purchaser on constructive notice. The mortgages contained a real estate address, the parcel identification number and the owner-mortgagor's name. Title searches are normally conducted by cross-referencing all of the items of information. *Costell v. Costell (In re Costell),* 75 B.R. 348, 352 (Bankr. N.D.Ohio 1987). Based upon the foregoing, the Court finds and concludes that Beneficial's mortgages provide constructive notice upon a reasonable search of the related real estate records. Based upon the stipulated facts, the Trustee does not hold a defeating interest in the real property under 11 U.S.C. § 544(a)(3).

■ Further, the Court finds that the Trustee and Beneficial stipulated that the Debtor intended to convey mortgage interests in the real estate and that Beneficial intended to take mortgage interests in the real estate. Under these undisputed facts, the Court concludes that Beneficial is entitled to reformation of the mortgages to include the correct deed book reference number. *See Kildow v. EMC Mortgage Corp. (In re Kildow),* 232 B.R. 686 (Bankr. S.D.Ohio 1999). Accordingly, the Court hereby grants Beneficial's request to allow the reformation of the mortgages.

## V. CONCLUSION

Based upon the foregoing, it is hereby ORDERED that the Motion of Defendant, Beneficial Ohio, Inc. d/b/a Beneficial Mortgage Co. of Ohio for Summary Judgment is granted. It is further ORDERED that Plaintiff's Cross Motion for Summary Judgment is denied.

IT IS SO ORDERED.